UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SARAH NOVIO,

                              :

            Plaintiff,                     1:17 Civ. 5648 (RWS)

                              :

     -against-                            **AMENDED COMPLAINT**

                              :

THE NEW YORK ACADEMY OF ART,           Plaintiff Demands a Jury
NYAA HOLDINGS, LLC, DAVID KRATZ,      :      on All Issues to be Tried
WADE SCHUMAN, MARGARET BOWLAND,

                              :

            Defendants.
-------------------------------------------------------------X

Plaintiff Sarah Novio, by her undersigned attorneys, as and for her complaint against the defendants, alleges as follows:

1.       This is an action for damages, injunctive relief, and other remedies for sex discrimination, sexual harassment, a hostile educational environment, and unlawful retaliation in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681, *et seq.*, the New York State Human Rights Law, N.Y. Exec. Law §§ 290, *et seq.*, and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101, *et seq.*, and for breach of contract under New York State law.

2.       Plaintiff attended The New York Academy of Art (NYAA) from September 2013 until May 2015, when she graduated with a Masters of Fine Arts degree.  While plaintiff was a student, defendant Wade Schuman, an NYAA professor, sexually harassed her and created a hostile educational environment by singling out plaintiff and other female students for sexually inappropriate touching and comments in the classroom.

3.       Several students complained to NYAA's senior administrators about Schuman's sexual harassment of female students, giving the academy actual notice of his wrongful conduct

and the hostile educational environment he created.  In response, NYAA administrators acted with deliberate indifference by telling students that Schuman's conduct "was just Wade being Wade," and by doing nothing to protect students from his sexual harassment in the classroom.

4.      After plaintiff provided evidence supporting the other students' sexual harassment claims and asserted her own claims against Schuman, defendants retaliated against plaintiff by denying her the career services and strong job support it is contractually obligated to provide, including by refusing to provide her with references and recommendations that are essential to obtaining employment in the art world, and by discouraging her from attending and participating in NYAA activities.

5.      After plaintiff described the acts sexual harassment and retaliation in detail to the President of NYAA, defendant David Kratz, the retaliation only became worse.  Plaintiff was shunned by NYAA faculty and denied all support.  Defendant Margaret Bowland, an NYAA faculty member who had written highly favorable recommendations for plaintiff in the past, told plaintiff point blank that she could no longer help plaintiff because of plaintiff's sexual harassment claims against her colleague, defendant Wade Schuman.  In an email to plaintiff rejecting her request for a recommendation, Bowland said, "I have never turned down a student I loved, as I did you, in 27 years of teaching.  But the fact that you piled on to hurt Wade, makes it impossible for me to help you."

6.      Bowland's blatant retaliation against plaintiff was the direct result of the messages sent by NYAA and its President, defendant David Kratz, and its Department Chairman, Wade Schuman, to the NYAA community through their deliberate indifference to plaintiff's rights.  They have emboldened faculty members to retaliate against plaintiff and others who have raised claims of sexual harassment against Schuman.  They have emboldened

2

Schuman to continue his blatant sexual harassment of students.  In recent weeks, Schuman was observed physically grabbing a female alumna and pulling her onto his lap, demonstrating that the defendants' deliberate indifference to their legal obligations under Title IX and the NYS and NYC Human Rights Laws continues.

## Jurisdiction and Venue

7.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1332 (diversity), and 28 U.S.C. § 1343 (civil rights).  This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 because the state law claims form part of the same case or controversy as the federal law claims.

8.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the acts and omissions giving rise to plaintiff's claims occurred in this District.

## The Parties

9.     Plaintiff Sarah Novio is a former student and current alumna of defendant The New York Academy of Art.  She is a citizen of the State of New Jersey.

10.     Defendant The New York Academy of Art ("NYAA") is a corporation organized under the laws of the State of New York with its principal place of business at 111 Franklin Street, New York, New York 10013.

11.     Defendant NYAA Holdings, LLC ("NYAA Holdings") is a limited liability company organized under the laws of the State of New York with its principal place of business at 111 Franklin Street, New York, New York 10013.

12.     Defendant David Kratz is the President of defendant NYAA.  Upon information and belief, he is a citizen of the State of New York.

13.     Defendant Wade Schuman was at all relevant times a Professor and Department Chairman at defendant NYAA.  As a Department Chairman, Schuman had significant influence over the selection of students for residencies and other opportunities that are critical to their academic and career success.  Upon information and belief, Schuman is employed by defendants NYAA and/or NYAA Holdings and is a citizen of the State of New York.

14.     Defendant Margaret Bowland is a member of the faculty of defendant NYAA. Upon information and belief, Bowland is employed by defendants NYAA and/or NYAA Holdings and is a citizen of the State of New York.

**Statement of Claims**

15.     Plaintiff Sarah Novio began studies at defendant NYAA in or about September 2013.

16.     Plaintiff took courses from defendant Schuman in 2014 and 2015.

17.     Schuman made frequent sexist comments in class.  He also made comments about plaintiff's "sexiness" that made her uncomfortable.

18.     Schuman asked plaintiff if anyone told her that her looks did not match her voice. He told plaintiff that the mismatch was "kind of sexy."

19.     Schuman told plaintiff that she was "perfect" in front of the entire class. Schuman's facial expression and tone of voice made clear that he was hitting on her and referring to plaintiff in a sexual manner.

20.     When plaintiff objected to a sexist comment Schuman made in class, Schuman announced in front of the class that "all women are bitches" and that "men should just stay single."

4

21.     Schuman invited his wife to give a guest lecture to the class.  Plaintiff was in the back of the room during the presentation.  Schuman came up behind plaintiff and grabbed her waist.  Plaintiff was startled and uncomfortable.  As Schuman let go of plaintiff and walked away, he smiled at her.

22.     Schuman repeatedly commented on the clothing worn by plaintiff and other female students.  He never commented on the clothing worn by male students.

23.     Schuman knew that his conduct was inappropriate.  When a male student hugged Schuman in class, Schuman pushed the student away and said that he does not hug students.  Later, Schuman hugged plaintiff tightly and inappropriately.

24.     Plaintiff complained to Schuman and made clear that she did not want to be touched or hugged by him.  Schuman ignored her complaints.  At graduation, he touched her inappropriately and hugged her again, despite her prior complaints and attempt to resist his unwelcome embrace.

25.     On many other occasions, Schuman touched or grabbed female students in front of plaintiff.  This made plaintiff noticeably uncomfortable.  Schuman exacerbated the discomfort by looking at plaintiff with a facial expression that communicated his awareness of her discomfort.

26.     Schuman's sexually-charged conduct was pervasive.  He massaged a female faculty member's shoulders in front of students.  He told a student that Catholicism is the most sexual religion.

27.     Schuman told a female student in class that she was very attractive.  He told another female student that she was beautiful and that she made him feel calm.

28.     On another occasion, Schuman appeared in front of students in a classroom with a woman sitting on his lap and with her arms around him.

29.     On another occasion, when a female student had cramps and was not feeling well, Schuman announced in front of the entire class, "you women have excuses with your period for everything."

30.     Schuman's persistent sexual commentary in the classroom and inappropriate touching of female students created a hostile educational environment that interfered with plaintiff's education.  Plaintiff was constantly worried that she would run into Schuman at NYAA's facilities and be subjected to his sexist comments and inappropriate touching.  His persistent sexual comments and touching distracted plaintiff and significantly interfered with her ability to engage in and enjoy her studies.

31.     Schuman showed favoritism to female students who reacted favorably to his sexual comments and advances.  By this conduct, Schuman, a Department Chairman, communicated an implicit *quid pro quo* to plaintiff and other female students.  Plaintiff constantly worried that Schuman could block her from important academic and career opportunities if she was not nice to him.

32.     Several students complained to NYAA's administration about Schuman's conduct.

33.     In April 2014, Camila Yoshimoto complained to the NYAA administration about Schuman's conduct.  She later met with the Dean of NYAA, who dismissed the complaints by saying that it was "just Wade being Wade."

34.     In October 2014, Jehdy Vargas filed a written complaint against Schuman with NYAA and scheduled a meeting with the Dean.  The Dean refused to take any action against Schuman.

35.     In October 2015, Magaly Vega-Lopez formally complained to the NYAA faculty and administration about Schuman's inappropriate conduct.  NYAA did not take any action against Schuman.

36.     Plaintiff supported the complaints made by other female students against Schuman's sexual harassment in the classroom and defendant NYAA's deliberate indifference in response.  She provided additional evidence in support of their claims and participated in efforts to get the school to change its policies and practices condoning Schuman's conduct.

37.     After the students' complaints went unanswered, plaintiff and three other students asserted formal claims against NYAA, NYAA Holdings, and Schuman.

38.     After the defendants learned that plaintiff had joined the three other students alleging sexual harassment claims against Schuman, Bowland and other NYAA faculty members retaliated against plaintiff by refusing to provide references or recommendations.  NYAA's president, defendant David Kratz, discouraged plaintiff from attending NYAA events.  The NYAA alumni association stopped sending email to plaintiff even though she had previously been elected Secretary of that organization.  Defendants stopped making plaintiff aware of NYAA functions, art shows, and networking events that could help her find employment as an artist.

39.     Plaintiff spoke to Kratz directly about the sexual harassment and retaliation she suffered at the hands of Schuman and other faculty members.  She described to Kratz in detail how Schuman had sexually harassed her in the classroom, including his inappropriate hugging,

touching, and sexist comments.  She described to Kratz in detail how the faculty and administration at NYAA had shunned her and refused to help her with recommendations and other support ever since she supported the other students and complained about her own experience as a victim of Schuman's sexual harassment.

40.     Kratz did not take adequate action to stop the sexual harassment or acts of retaliation against plaintiff.  His failure to take adequate corrective action emboldened Schuman and the other faculty members who were retaliating against plaintiff.

41.     After plaintiff told Kratz in detail how Schuman had sexually harassed her, Schuman continued to engage in sexual harassment at NYAA.  Recently, he grabbed a female alumna and pulled her onto his lap.

42.     After plaintiff told Kratz about the acts of retaliation against her, faculty and staff at the school continued to shun plaintiff and deprive her of the benefits she had paid for and was promised as a student and alumna of the school.

43.     The absence of adequate efforts by Kratz and NYAA to prevent retaliation is evident in an email plaintiff received from defendant Margaret Bowland, an NYAA faculty member who had given plaintiff very favorable recommendations in the past.  Bowland explained that she could no longer write recommendations for plaintiff because plaintiff had asserted claims of sexual harassment against her faculty colleague, Wade Schuman.  Bowland sent plaintiff an email stating, "I have never turned down a student I loved, as I did you, in 27 years of teaching.  But the fact that you piled on to hurt Wade, makes it impossible for me to help you."

44.     Upon information and belief, Schuman discussed with Bowland and other faculty members the claims of sexual harassment asserted by plaintiff and other students against him.

8

45.     Upon information and belief, Schuman's conversations with Bowland and other faculty members contributed to their decision to shun plaintiff and deny her recommendations and other forms of support she was contractually entitled to receive as a student and alumna.

46.     As a direct and proximate result of the defendants' conduct, plaintiff has suffered damages in an amount to be determined at trial and far in excess of $75,000, exclusive of interest and costs.

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS NYAA AND NYAA HOLDINGS FOR SEX DISCRIMINATION IN VIOLATION OF TITLE IX

47.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 46 above as if fully restated herein.

48.     Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a) ("Title IX"), provides that "[n]o person . . . shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance . . . ."

49.     Upon information and belief, defendants NYAA and NYAA Holdings are educational institutions that receive federal funds.

50.     As a Department Chairman, defendant Schuman acted as a supervisor and agent of defendants NYAA and NYAA Holdings.

51.     Defendants NYAA and NYAA Holdings had actual notice of defendant Schuman's conduct and that his conduct was likely to interfere with plaintiff's education.

52.     Defendants NYAA and NYAA Holdings deliberately failed to take adequate action to protect plaintiff from defendant Schuman's sexually hostile and discriminatory conduct.

53.     By reason of defendants' conduct, plaintiff was excluded from full participation in, denied the full benefits of, and subjected to sex discrimination under education programs and activities at NYAA.

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS NYAA AND NYAA HOLDINGS FOR RETALIATION IN VIOLATION OF TITLE IX

54.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 53 above as if fully restated herein.

55.     Plaintiff engaged in protected activity by reporting defendant Schuman's sexually harassing and discriminatory conduct to defendants NYAA and NYAA Holdings.

56.     Plaintiff engaged in protected activity by formally asserting claims of sexual harassment and retaliation against NYAA, NYAA Holdings, and Schuman.

57.     Plaintiff engaged in protected activity by participating in a mediation with defendants NYAA, NYAA Holdings, and Schuman to stop Schuman's conduct and remedy its effects.

58.     Plaintiff engaged in protected activity by informing the President of NYAA, defendant David Kratz, that she had been subjected to sexual harassment and retaliation by Schuman and other faculty and staff at NYAA.

59.     After plaintiff engaged in protected activity, defendants NYAA and NYAA Holdings retaliated against plaintiff by excluding her from participation in and denying her the full benefits of educational programs at a federally funded educational institution, including by refusing to provide plaintiff with references and recommendations that are essential to obtaining employment in the art world, discouraging her from attending and participating in NYAA activities, and refusing to notify her of educational and alumni events and activities.

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
## NYAA, NYAA HOLDINGS, KRATZ, AND SCHUMAN
## FOR SEX DISCRIMINATION IN VIOLATION OF
## THE NEW YORK STATE HUMAN RIGHTS LAW

60.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through

59 above as if fully restated herein.

61.     The New York State Human Rights Law, N.Y. Exec. Law §§ 290, *et seq.*,

prohibits sex discrimination and harassment in places of public accommodation.

62.     The New York State Human Rights Law, N.Y. Exec. Law §§ 290, *et seq.*, makes

it an unlawful discriminatory practice for an education corporation or association to permit the

harassment of any student by reason of her sex.

63.     Defendants NYAA and NYAA Holdings were places of public accommodation

within the meaning of the New York State Human Rights Law at all times relevant to this

complaint.

64.     Defendants NYAA and NYAA Holdings were education corporations or

associations within the meaning of the New York State Human Rights Law at all times relevant

to this complaint.

65.     Defendant Schuman was a Department Chairman of defendants NYAA and

NYAA Holdings and, as such, he was their supervisor and agent within the meaning of the New

York State Human Rights Law.

66.     Defendant Schuman actively engaged in sex discrimination and harassment

against plaintiff and aided and abetted that activity

67.     Defendants NYAA and NYAA Holdings permitted the sex discrimination and

harassment of plaintiff by defendant Schuman.

68.     Defendants NYAA and NYAA Holdings engaged in and knowingly permitted one of its supervisors and agents, defendant Schuman, to engage in sex discrimination and harassment against plaintiff.

69.     Defendant Kratz aided and abetted Schuman's sex discrimination and harassment by supporting Schuman and deliberately failing to take adequate action to stop it==Schuman's conduct.

**FOURTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
FOR RETALIATION IN VIOLATION OF
THE NEW YORK STATE HUMAN RIGHTS LAW**

70.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 69 above as if fully restated herein.

71.     The New York State Human Rights Law, N.Y. Exec. Law §§ 290, *et seq.*, prohibits retaliation against a person who objects to or attempts to remedy sex discrimination and harassment in places of public accommodation.

72.     The New York State Human Rights Law, N.Y. Exec. Law §§ 290, *et seq.*, prohibits retaliation against a person who objects to or attempts to remedy sexual harassment of a student at an education corporation or association.

73.     Defendants NYAA, NYAA Holdings, Kratz, Schuman, and Bowland engaged in retaliation against plaintiff because of her efforts to report, object to, and remedy sex discrimination and harassment at defendant NYAA.

**FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
NYAA, NYAA HOLDINGS, KRATZ, AND SCHUMAN
FOR SEX DISCRIMINATION IN VIOLATION OF
THE NYC HUMAN RIGHTS LAW**

74.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 73 above as if fully restated herein.

75.     The defendants' conduct constitutes sex discrimination and sexual harassment in violation of the New York City Human Rights Law.

## SIXTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
## FOR RETALIATION IN VIOLATION OF
## THE NYC HUMAN RIGHTS LAW

76.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 75 above as if fully restated herein.

77.     The defendants' conduct constitutes retaliation against the plaintiff because she engaged in activities protected by the New York City Human Rights Law.

## SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANT NYAA
## FOR BREACH OF CONTRACT

78.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 77 above as if fully restated herein.

79.     Plaintiff and defendant NYAA entered into a valid and binding contract.

80.     Plaintiff substantially performed all of her duties and obligations under that contract, including by paying monetary consideration to defendant NYAA.

81.     In return for the monetary consideration paid by plaintiff, NYAA made specific promises to plaintiff, including agreeing:

   a.   to provide plaintiff with an educational environment free of sex discrimination in all programs and activities, including academic programs and school-sponsored activities on and off campus;

   b.   to provide plaintiff with an educational environment free of sexual harassment;

   c.   to respond promptly to complaints of sexual harassment, including unwelcome advances and sexist comments, whether they occurred in a single episode or were part of a recurring pattern of behavior;

13

d.   to take immediate action to eliminate sexual harassment, prevent its recurrence, and address its effects;

e.   to designate a Title IX coordinator who is trained and experienced to address complaints of sex discrimination, including helping victims navigate the process and seek remedies;

f.   not to retaliate against anyone who participated in the process of reporting or attempting to remedy sexual harassment or discrimination;

g.   to provide career services to plaintiff, including strong job placement support.

82.    The specific promise to provide career services to plaintiff, including strong job placement support, was set forth and communicated to plaintiff in defendant NYAA's official Student Handbook and on its official web site.  The other specific promises described above were set forth and communicated to plaintiff on defendant NYAA's official web site.

83.    Defendant NYAA breached its contract with plaintiff by failing to perform the contractual duties and obligations described above.

**Jury Demand**

84.    Plaintiff is entitled to and demands a jury trial.

**Prayer for Relief**

WHEREFORE, plaintiff Sarah Novio requests judgment against all defendants, jointly and severally, awarding her:  compensatory and punitive damages in amounts to be determined at trial; reasonable attorneys' fees and the costs of this action as authorized by 42 U.S.C. § 1988, N.Y. Exec. Law § 297.10, and N.Y.C. Admin. Code § 8-502; an injunction prohibiting each defendant from discriminating or retaliating against plaintiff in the future; an injunction requiring defendant NYAA to modify its policies and practices to conform with its obligations under Title

IX and to advise each member of the NYAA community of the changes and the reasons therefor;

an injunction requiring defendant NYAA to provide plaintiff with career placement services,

including strong job placement support; and such other and further relief as this Court deems just

and proper.

Dated: New York, New York
       January 12, 2018

THE HOWLEY LAW FIRM P.C.


By: _____

     John Howley [JH9764]
*Attorneys for Plaintiff*
350 Fifth Avenue, 59th Floor
New York, New York  10118
(212) 601-2728

15