Keith A. Markel, Esq.
Jeffrey P. Englander, Esq.
Basil C. Sitaras, Esq.
MORRISON COHEN LLP
909 Third Avenue
New York, New York 10022
Phone: (212) 735-8600
Facsimile: (212) 735-8708
*Attorneys for Defendant Schuman*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x

SARAH NOVIO,

             Plaintiff,

             v.

THE NEW YORK ACADEMY OF ART; NYAA
HOLDINGS, LLC; DAVID KRATZ; WADE
SCHUMAN; and MARGARET BOWLAND,

             Defendants.

Case No. 17-cv-5648 (RWS)

**ANSWER OF DEFENDANT
WADE SCHUMAN TO THE
SECOND AMENDED
COMPLAINT**

------------------------------------------------------------------- x

      Defendant Wade Schuman ("Professor Schuman" or "Defendant Schuman"), by and through his attorneys, for his Answer to the Second Amended Complaint (the "Complaint"), responds as follows:

      1.     Professor Schuman denies the allegations in Paragraph 1 of the Complaint, except admits that Plaintiff purports to proceed as stated therein.

      2.     Professor Schuman denies the allegations in Paragraph 2 of the Complaint, except admits that Plaintiff was a student at the New York Academy of Art ("NYAA") from September 2013 until May 2015, when she graduated with a Masters of Fine Arts degree.

      3.     Professor Schuman denies the allegations in Paragraph 3 of the Complaint.

      4.     Professor Schuman denies the allegations in Paragraph 4 of the Complaint.

5. Professor Schuman denies the allegations in Paragraph 5 of the Complaint, except to state that the purported e-mail from Defendant Margaret Bowland to Plaintiff is a written document, the content of which speaks for itself.

6. Professor Schuman denies the allegations in Paragraph 6 of the Complaint.

## Jurisdiction and Venue

7. Paragraph 7 sets forth purported legal conclusions to which no response is warranted. To the extent a response is required, Professor Schuman denies the allegations in this paragraph.

8. Paragraph 8 sets forth purported legal conclusions to which no response is warranted. To the extent a response is required, Professor Schuman denies the allegations in this paragraph.

## The Parties

9. Professor Schuman denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint concerning Plaintiff's state citizenship, but admits that Plaintiff is a former student and current alumna of NYAA.

10. Professor Schuman denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint, except admits that NYAA conducts business at 111 Franklin Street, New York, NY 10013.

11. Professor Schuman denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint, except admits that NYAA conducts business at 111 Franklin Street, New York, NY 10013.

12. Professor Schuman denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint concerning Defendant

#7156501 v1 \024848 \0011

David Kratz's state citizenship, but admits that Defendant Kratz is the current President of NYAA.

13. Professor Schuman admits the allegations set forth in Paragraph 13 of the Complaint concerning his state citizenship, employment by NYAA as a Professor, and that for two years he served as Chair of Faculty followed by Chair of the Painting Department, but denies the remaining allegations set forth in Paragraph 13.

14. Professor Schuman denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint concerning Defendant Margaret Bowland's state citizenship, but admits that Defendant Bowland is a member of the faculty at NYAA.

**Statement of Claims**

15. Professor Schuman admits the allegations set forth in Paragraph 15.

16. Professor Schuman denies the allegations set forth in Paragraph 16, except admits that during Plaintiff's two years at NYAA she took only two courses with Professor Schuman both during her first year, Spring 2014 semester, which ended on May 16, 2014, and that the Court already has ruled in its December 13, 2017 Opinion that "all allegations accruing prior to July 25, 2014 are time-barred."

17. Professor Schuman denies the allegations set forth in Paragraph 17.

18. Professor Schuman denies the allegations set forth in Paragraph 18.

19. Professor Schuman denies the allegations set forth in Paragraph 19.

20. Professor Schuman denies the allegations set forth in Paragraph 20.

#7156501 v1 \024848 \0011

21. Professor Schuman denies the allegations set forth in Paragraph 21, except admits that Professor Schuman has invited his wife to give guest lectures to some of his classes in the past.

22. Professor Schuman denies the allegations set forth in Paragraph 22.

23. Professor Schuman denies the allegations set forth in Paragraph 23.

24. Professor Schuman denies the allegations set forth in Paragraph 24.

25. Professor Schuman denies the allegations set forth in Paragraph 25.

26. Professor Schuman denies the allegations set forth in Paragraph 26.

27. Professor Schuman denies the allegations set forth in Paragraph 27.

28. Professor Schuman denies the allegations set forth in Paragraph 28.

29. Professor Schuman denies the allegations set forth in Paragraph 29.

30. Professor Schuman denies the allegations set forth in Paragraph 30.

31. Professor Schuman denies the allegations set forth in Paragraph 31.

32. Professor Schuman denies the allegations set forth in Paragraph 32.

33. Professor Schuman denies the allegations set forth in Paragraph 33.

34. Professor Schuman denies the allegations set forth in Paragraph 34.

35. Professor Schuman denies the allegations set forth in Paragraph 35, and further states that inapposite of her allegations: (a) Plaintiff felt comfortable enough with Professor Schuman to approach him in confidence with a complaint about a visiting artist's attempt to kiss her while they were dancing during a social gathering with other NYAA students; (b) at the end of Plaintiff's first year of graduate studies, and after she had experienced two classes with Professor Schuman in the Spring 2014 semester, Plaintiff ranked Professor Schuman second among all NYAA faculty to serve as her MFA Thesis Advisor for her second year of graduate

school at the NYAA; and (c) upon her graduation in May 2015, Plaintiff bestowed on Professor Schuman a gift, as an expression of thanks for his tutelage, of a drawing with the following inscription: "To: Wade / From: Your Favorite Man & Beast Student / 2015 – Sarah Novio ☺"

36. Professor Schuman denies the allegations set forth in Paragraph 36.

37. Professor Schuman admits the allegation set forth in Paragraph 37 that a student named Camila Yoshimoto complained to the NYAA administration about her grades from Professor Schuman and other professors in or around April 2014,[1] but denies the remaining allegations in Paragraph 37.

38. Professor Schuman denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38 of the Complaint, but denies the allegation that "[t]he Dean refused to take any action against Schuman."

39. Professor Schuman denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 of the Complaint, but denies the allegation that "NYAA did not take any action against Schuman."

40. Professor Schuman denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40 of the Complaint.

41. Professor Schuman denies the allegations set forth in Paragraph 41 of the Complaint, except admits that Plaintiff and the three other students referenced above commenced a state court civil action against NYAA, NYAA Holdings, and Professor Schuman.

42. Professor Schuman denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42 of the Complaint.

---

[1] Any allegation arising in or around April 2014 falls outside the statute of limitations, per the Court's December 13, 2017 Opinion that "all allegations accruing prior to July 25, 2014 are time-barred."

#7156501 v1 \024848 \0011

5

43. Professor Schuman denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43 of the Complaint.

44. Professor Schuman denies the allegations set forth in Paragraph 44.

45. Professor Schuman denies the allegations set forth in Paragraph 45.

46. Professor Schuman denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 46 of the Complaint, but further states, upon information and belief, that Plaintiff ran for a position on the NYAA Alumni Board and was appointed to the role of Treasurer.

47. Professor Schuman denies the allegations in Paragraph 47 of the Complaint, except to state that the purported e-mail from Defendant Bowland to Plaintiff is a written document, the content of which speaks for itself.

48. Professor Schuman denies the allegations set forth in Paragraph 48.

49. Professor Schuman denies the allegations set forth in Paragraph 49.

50. Professor Schuman denies the allegations set forth in Paragraph 50.

### AS AND TO THE SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS NYAA AND NYAA HOLDINGS FOR RETALIATION IN VIOLATION OF TITLE IX[2]

51. The Second Claim for Relief in the Complaint is not pending against Professor Schuman, and thus no response to Paragraph 51 is warranted on his behalf.

52. The Second Claim for Relief in the Complaint is not pending against Professor Schuman, and thus no response to Paragraph 52 is warranted on his behalf.

---

[2] Plaintiff's First and Third Claims for Relief already were dismissed pursuant to the Court's December 13, 2017 Opinion.

#7156501 v1 \024848 \0011

53. The Second Claim for Relief in the Complaint is not pending against Professor Schuman, and thus no response to Paragraph 53 is warranted on his behalf.

54. The Second Claim for Relief in the Complaint is not pending against Professor Schuman, and thus no response to Paragraph 54 is warranted on his behalf.

55. The Second Claim for Relief in the Complaint is not pending against Professor Schuman, and thus no response to Paragraph 55 is warranted on his behalf.

56. The Second Claim for Relief in the Complaint is not pending against Professor Schuman, and thus no response to Paragraph 56 is warranted on his behalf.

57. The Second Claim for Relief in the Complaint is not pending against Professor Schuman, and thus no response to Paragraph 57 is warranted on his behalf.

58. The Second Claim for Relief in the Complaint is not pending against Professor Schuman, and thus no response to Paragraph 58 is warranted on his behalf.

59. The Second Claim for Relief in the Complaint is not pending against Professor Schuman, and thus no response to Paragraph 59 is warranted on his behalf.

**AS AND TO THE FOURTH CLAIM FOR RELIEF AGAINST
ALL DEFENDANTS FOR RETALIATION
IN VIOLATION OF THE NEW YORK STATE HUMAN RIGHTS LAW**

60. Professor Schuman repeats and reasserts each and every response above as if fully stated herein.

61. Paragraph 61 sets forth purported legal conclusions to which no response is warranted. To the extent a response is required, Professor Schuman denies the allegations in this paragraph.

#7156501 v1 \024848 \0011

62. Paragraph 62 sets forth purported legal conclusions to which no response is warranted. To the extent a response is required, Professor Schuman denies the allegations in this paragraph.

63. Professor Schuman denies the allegations set forth in Paragraph 63.

64. Professor Schuman denies the allegations set forth in Paragraph 64.

**AS AND TO THE FIFTH CLAIM FOR RELIEF AGAINST
DEFENDANT SCHUMAN FOR SEX DISCRIMINATION
IN VIOLATION OF THE NEW YORK CITY HUMAN RIGHTS LAW**

65. Professor Schuman repeats and reasserts each and every response above as if fully stated herein.

66. Professor Schuman denies the allegations set forth in Paragraph 66.

67. Professor Schuman denies the allegations set forth in Paragraph 67.

**AS AND TO THE SIXTH CLAIM FOR RELIEF AGAINST
ALL DEFENDANTS FOR RETALIATION
IN VIOLATION OF THE NEW YORK CITY HUMAN RIGHTS LAW**

68. Professor Schuman repeats and reasserts each and every response above as if fully stated herein.

69. Professor Schuman denies the allegations set forth in Paragraph 69.

70. Professor Schuman denies the allegations set forth in Paragraph 70.

**AS AND TO THE SEVENTH CLAIM FOR RELIEF AGAINST
DEFENDANT NYAA FOR BREACH OF CONTRACT**

71. The Seventh Claim for Relief in the Complaint is not pending against Professor Schuman, and thus no response to Paragraph 71 is warranted on his behalf.

72. The Seventh Claim for Relief in the Complaint is not pending against Professor Schuman, and thus no response to Paragraph 72 is warranted on his behalf.

73. The Seventh Claim for Relief in the Complaint is not pending against Professor Schuman, and thus no response to Paragraph 73 is warranted on his behalf.

74. The Seventh Claim for Relief in the Complaint is not pending against Professor Schuman, and thus no response to Paragraph 74 is warranted on his behalf.

75. The Seventh Claim for Relief in the Complaint is not pending against Professor Schuman, and thus no response to Paragraph 75 is warranted on his behalf.

76. The Seventh Claim for Relief in the Complaint is not pending against Professor Schuman, and thus no response to Paragraph 76 is warranted on his behalf.

77. The Seventh Claim for Relief in the Complaint is not pending against Professor Schuman, and thus no response to Paragraph 77 is warranted on his behalf.

### Jury Demand

78. Professor Schuman admits that Plaintiff purports to assert her demand for a jury trial as set forth in Paragraph 78.

### Prayer for Relief

Professor Schuman denies the allegations set forth in the section of the Complaint entitled "Prayer for Relief."

### STATEMENT OF AFFIRMATIVE DEFENSES AND OTHER DEFENSES

Professor Schuman asserts the following affirmative and other defenses without assuming any burden of production or proof that he would not otherwise have.

### AS AND FOR A FIRST DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a cause of action up which relief can be granted as a matter of fact and/or law.

#7156501 v1 \024848 \0011

9

## AS AND FOR A SECOND DEFENSE

Plaintiff's allegations are barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR A THIRD DEFENSE

At all times relevant hereto, Professor Schuman has acted in good faith and has not violated any rights which may be secured to Plaintiff under any federal, state or local laws, rules, regulations or guidelines.

## AS AND FOR A FOURTH DEFENSE

Plaintiff's claims under the New York City Human Rights Law are barred by NYC Admin. Code § 8-107(4)(f).

## AS AND FOR A FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by equitable principles, including but not limited to, waiver, estoppel, laches, the after-acquired evidence doctrine, unclean hands, and/or the election of remedies.

## AS AND FOR A SIXTH DEFENSE

Plaintiff's claims are barred to the extent that Plaintiff failed, refused and/or neglected to mitigate or avoid damages, if any, complained of in the Complaint.

## AS AND FOR A SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to exhaust her administrative remedies and/or statutory prerequisites in a complete and timely manner under applicable federal, state, or local law.

### AS AND FOR AN EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Professor Schuman complied with all established policies, programs and procedures for the prevention and detection of unlawful discriminatory practices, and Plaintiff unreasonable failed to promptly take advantage of the preventative or corrective opportunities provided or to otherwise avoid harm.

### AS AND FOR A NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because she suffered no injuries or damages as a result of the alleged acts or omissions by Professor Schuman raised in the Complaint.

### AS AND FOR A TENTH DEFENSE

Plaintiff's claims are barred because Professor Schuman acted in a manner that was proper, reasonable, and lawful.

### AS AND FOR A ELEVENTH DEFENSE

Plaintiff's claims are barred because all actions taken or omitted by Professor Schuman with respect to Plaintiff were taken or omitted for legitimate, non-discriminatory and/or non-retaliatory reasons.

### AS AND FOR A TWELFTH DEFENSE

Plaintiff's claims are barred because Professor's Schuman's conduct did not rise above what a reasonable person would consider petty slights and trivial inconveniences.

### AS AND FOR A THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the Court's December 13, 2017 Opinion with respect to Defendants' motions to dismiss.

## AS AND FOR A FOURTEENTH DEFENSE

Plaintiff's claims for punitive damages are barred, in whole or in part, by the United States and New York Constitutions, and/or by state or local law.

## RESERVATION OF RIGHTS

Professor Schuman reserves the right to amend his Answer, to add additional or other defenses, to delete or withdraw defenses, and to add other claims as they may become necessary after reasonable opportunity for appropriate discovery.

WHEREFORE, Professor Schuman respectfully requests that this Court:

A. Dismiss Plaintiff's Complaint in its entirety with prejudice;

B. Deny each and every prayer for relief set forth in Plaintiff's Complaint;

C. Award Professor Schuman reasonable attorneys' fees and costs incurred in defending against Plaintiff's baseless and frivolous action; and

D. Grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
February 23, 2018

MORRISON COHEN LLP

By:   /s/ Keith A. Markel
Keith A. Markel
909 Third Avenue
New York, New York 10022
Phone: (212) 735-8600
Facsimile: (212) 735-8708
E-mail: kmarkel@morrisoncohen.com

*Attorneys for Defendant Schuman*

#7156501 v1 \024848 \0011