UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------ x
                                                             :
SARAH NOVIO,                                                 :
                                                             :   Case No. 17-cv-5648 (RWS) (KHP)
                      Plaintiff,                             :
                                                             :
              -against-                                      :   ANSWER OF DAVID KRATZ
                                                             :
THE NEW YORK ACADEMY OF ART; NYAA                            :
HOLDINGS, LLC; DAVID KRATZ; WADE                             :
SCHUMAN; and MARGARET BOWLAND                                :
                                                             :
                      Defendants.                            :
                                                             :
------------------------------------------------------------ x
```

       Defendant David Kratz ("Kratz"), by and through his undersigned counsel, answers the separately numbered paragraphs in the Second Amended Complaint (the "Complaint") in this action and asserts affirmative and other defenses as follows:

       1.     Avers that paragraph 1 of the Complaint contains legal conclusions to which no response is required; and otherwise denies the allegations in paragraph 1 of the Complaint.

       2.     Admits that Plaintiff attended the Academy from September 2013 until May 2015 and graduated with a Masters of Fine Arts degree; and otherwise denies the allegations contained in paragraph 2.

       3.     Denies the allegations in paragraph 3 of the Complaint.

       4.     Denies the allegations in paragraph 4 of the Complaint.

       5.     Refers to the e-mail cited for an accurate description of its content; and otherwise denies the allegations in paragraph 5 of the Complaint.

       6.     Denies the allegations contained in paragraph 6.

**JURISDICTION AND VENUE**

7. Avers that paragraph 7 of the Complaint contains legal conclusions to which no response is required; and otherwise denies the allegations in paragraph 7 of the Complaint.

8. Avers that paragraph 8 of the Complaint contains legal conclusions to which no response is required; and otherwise denies the allegations in paragraph 8 of the Complaint.

**THE PARTIES**

9. Admits that Plaintiff is a former student and current alumna of the Academy; and otherwise denies knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 9 of the Complaint.

10. Admits the allegations in paragraph 10 of the Complaint.

11. Admits the allegations in paragraph 11 of the Complaint.

12. Admits the allegations in paragraph 12 of the Complaint.

13. Admits that Wade Schuman was, at all relevant times, employed by the Academy as a Professor and Department Chair of the Academy and is a citizen of the State of New York; and otherwise denies the allegations in paragraph 13 of the Complaint.

14. Admits the Margaret Bowland was, at all relevant times, employed by the Academy as a member of the faculty and is a citizen of the State of New York; and otherwise denies the allegations in paragraph 14 of the Complaint.

**Statement of Claims**

15. Admits the allegations in paragraph 15 of the Complaint.

16. Denies knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 16 of the Complaint; and otherwise denies the allegations contained in paragraph 16.

17. Denies knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 17 of the Complaint; and otherwise denies the allegations contained in paragraph 17.

18. Denies knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 18 of the Complaint; and otherwise denies the allegations contained in paragraph 18.

19. Denies knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 19 of the Complaint; and otherwise denies the allegations contained in paragraph 19.

20. Denies knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 20 of the Complaint; and otherwise denies the allegations contained in paragraph 20.

21. Denies knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 21 of the Complaint; and otherwise denies the allegations contained in paragraph 21.

22. Denies knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 22 of the Complaint; and otherwise denies the allegations contained in paragraph 22.

23. Denies knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 23 of the Complaint; and otherwise denies the allegations contained in paragraph 23.

24. Denies knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 24 of the Complaint; and otherwise denies the allegations contained in paragraph 24.

25. Denies knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 25 of the Complaint; and otherwise denies the allegations contained in paragraph 25.

26. Denies knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 26 of the Complaint; and otherwise denies the allegations contained in paragraph 26.

27. Denies knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 27 of the Complaint; and otherwise denies the allegations contained in paragraph 27.

28. Denies knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 28 of the Complaint; and otherwise denies the allegations contained in paragraph 28.

29. Denies knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 29 of the Complaint; and otherwise denies the allegations contained in paragraph 29.

30. Denies knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 30 of the Complaint; and otherwise denies the allegations contained in paragraph 30.

31. Denies knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 31 of the Complaint; and otherwise denies the allegations contained in paragraph 31.

32. Denies knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 32 of the Complaint; and otherwise denies the allegations contained in paragraph 32.

33. Denies knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 33 of the Complaint; and otherwise denies the allegations contained in paragraph 33.

34. Denies knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 34 of the Complaint related to Plaintiff's state of mind; and otherwise denies the allegations contained in paragraph 34.

35. Denies knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 35 of the Complaint; and otherwise denies the allegations contained in paragraph 35.

36. Denies knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 36 of the Complaint; and otherwise denies the allegations contained in paragraph 36.

37. Denies knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 37 of the Complaint; and otherwise denies the allegations contained in paragraph 37.

38. Denies knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 38 of the Complaint; and otherwise denies the allegations contained in paragraph 38.

39. Denies knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 39 of the Complaint; and otherwise denies the allegations contained in paragraph 39.

40. Admits that Plaintiff was interviewed in connection with an independent investigation; and otherwise denies the allegations in paragraph 40 of the Complaint.

41. Admits that Plaintiff was a plaintiff in *Vargas et al. v. The New York Academy of Art et al.*, Index No. 505001/2016 (N.Y. Supreme Court, Kings County), before she voluntarily dismissed her claims without prejudice; and otherwise denies the allegations in paragraph 41 of the Complaint.

42. Denies knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 42 of the Complaint; and otherwise denies the allegations contained in paragraph 42.

43. Admits that on June 14, 2016, Kratz and Plaintiff had a confidential meeting; and otherwise denies the allegations in paragraph 43 of the Complaint.

44. Denies the allegations in paragraph 44 of the Complaint.

45. Denies knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 45 of the Complaint; and otherwise denies the allegations contained in paragraph 45.

46. Denies knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 46 of the Complaint; and otherwise denies the allegations contained in paragraph 46.

47. Refers to the e-mail cited for an accurate description of its content; and otherwise denies the allegations contained in paragraph 47.

48. Denies knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 48 of the Complaint; and otherwise denies the allegations contained in paragraph 48.

49. Denies the allegations contained in paragraph 49.

50. Denies the allegations in paragraph 50 of the Complaint.

**SECOND CLAIM FOR RELIEF AGASINST DEFENDANTS
NYAA AND NYAA HOLDINGS
FOR RETALIATION IN VIOLATION OF TITLE IX**

51. Repeats and re-alleges its responses to paragraphs 1 through 51 of the Complaint.

52. Denies the allegations in paragraph 52 of the Complaint.

53. Denies the allegations in paragraph 53 of the Complaint.

54. Denies the allegations in paragraph 54 of the Complaint.

55. Denies the allegations in paragraph 55 of the Complaint.

56. Denies the allegations in paragraph 56 of the Complaint.

57. Denies the allegations in paragraph 57 of the Complaint.

58. Denies the allegatiions in paragraph 58 of the Complaint.

59. Denies the allegations in paragraph 59 of the Complaint.

**FOURTH CLAIM FOR RELIEF AGASINST DEFENDANTS
FOR RETALIATION IN VIOLATION OF
THE NEW YORK STATE HUMAN RIGHTS LAW**

60. Repeats and re-alleges its responses to paragraphs 1 through 60 of the Complaint.

61. Refers to the statute cited in paragraph 61 of the Complaint for that statute's complete and accurate content.

62. Refers to the statute cited in paragraph 62 of the Complaint for that statute's complete and accurate content.

63. Denies the allegations in paragraph 63 of the Complaint.

64. Denies the allegations in paragraph 64 of the Complaint.

**FIFTH CLAIM FOR RELIEF AGASINST DEFENDANT SCHUMAN
FOR SEX DISCRIMINATION IN VIOLATION OF
THE NEW YORK STATE HUMAN RIGHTS LAW**

65. Repeats and re-alleges its responses to paragraphs 1 through 65 of the Complaint.

66. Denies the allegations in paragraph 66 of the Complaint.

67. Denies the allegations in paragraph 67 of the Complaint.

**SIXTH CLAIM FOR RELIEF AGASINST ALL DEFENDANTS
FOR RETALIATION IN VIOLATION OF
THE NYC HUMAN RIGHTS LAW**

68. Repeats and re-alleges its responses to paragraphs 1 through 68 of the Complaint.

69. Denies the allegations in paragraph 69 of the Complaint.

70. Denies the allegations in paragraph 70 of the Complaint.

### SEVENTH CLAIM FOR RELIEF AGASINST DEFENDANT NYAA
### FOR BREACH OF CONTRACT

71.   Repeats and re-alleges its responses to paragraphs 1 through 71 of the Complaint.

72.   Denies the allegations in paragraph 72 of the Complaint.

73.   Denies the allegations in paragraph 73 of the Complaint.

74.   Denies the allegations in paragraph 74 of the Complaint.

75.   Denies the allegations in paragraph 75 of the Complaint.

76.   Denies the allegations in paragraph 76 of the Complaint.

77.   Denies the allegations in paragraph 77 of the Complaint.

### Jury Demand

78.   Avers that paragraph 78 of the Complaint contains legal conclusions to which no response is required.

**PRAYER FOR RELIEF**

Kratz denies that Plaintiff is entitled to any of the relief sought in the Complaint's Prayer for Relief.

### AFFIRMATIVE AND OTHER DEFENSES

Kratz asserts the following affirmative and other defenses without assuming any burden of production or proof that it would not otherwise have.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Plaintiff's claims are barred by equitable principles, including, but not limited to, waiver, estoppel, laches, the after-acquired evidence doctrine, the unclean hands doctrine, and the election of remedies doctrine.

**THIRD DEFENSE**

Plaintiff's claims are barred by the applicable statutes of limitations.

**FOURTH DEFENSE**

Plaintiff's claims are barred because, at all relevant times, the Academy acted in good faith and has not violated any rights secured to Plaintiff under any federal, state, or local rules, regulations, or guidelines.

**FIFTH DEFENSE**

Plaintiff's claims are barred because, at all relevant times, Kratz acted in good faith and has not violated any rights secured to Plaintiff under any federal, state, or local rules, regulations, or guidelines.

**SIXTH DEFENSE**

Plaintiff's claims are barred to the extent that Plaintiff failed to mitigate or avoid the damages alleged in the Complaint.

**SEVENTH DEFENSE**

The New York City Human Rights Law, as Plaintiff seeks to apply it in this action, violates the Academy's free speech protections under the First and Fourteenth Amendments to the Constitution of the United States of America.

**EIGHTH DEFENSE**

The New York City Human Rights Law, as Plaintiff seeks to apply it in this action, violates the Academy's free speech protections under Article I, Section 8 of the Constitution of the State of New York.

**NINTH DEFENSE**

Plaintiff's claims under the New York City Human Rights Law are barred by N.Y.C. Admin. Code § 8-107(4)(f).

**TENTH DEFENSE**

Plaintiff's claims are barred to the extent Plaintiff failed to exhaust her administrative remedies or statutory prerequisites in a complete and timely manner under applicable federal, state, or local law.

**ELEVENTH DEFENSE**

Plaintiff's claims are barred because Plaintiff suffered no injuries or damages as a result of the alleged acts or omissions by the Academy asserted in the Complaint.

**TWELFTH DEFENSE**

Plaintiff's claims are barred because, at all relevant times, Kratz acted in a manner that was proper, reasonable, and lawful.

**THIRTEENTH DEFENSE**

Plaintiff's claims are barred because all actions allegedly taken or omitted by Kratz concerning Plaintiff were taken or omitted for legitimate, non-discriminatory reasons.

**FOURTEENTH DEFENSE**

Plaintiff's claims for punitive damages are barred by the Constitution of the United States of America, the Constitution of the State of New York, or by state or local law.

**FIFTEENTH DEFENSE**

Plaintiff's claims are barred because the Academy complied with all applicable established policies and procedures for the detection and prevention of unlawful discriminatory practices, and Plaintiff unreasonably failed to take timely advantage of any applicable established preventative or corrective opportunities, or to otherwise avoid harm.

**SIXTEENTH DEFENSE**

Plaintiff's claims are barred because Plaintiff was not deprived of the Academy's educational opportunities.

**SEVENTEENTH DEFENSE**

Plaintiff's claims are barred because Kratz did not encourage, condone, or approve Professor Schuman's alleged conduct.

**EIGHTEENTH DEFENSE**

Plaintiff's Title IX claims are barred because Title IX does not apply to post-graduation conduct.

**NINETEENTH DEFENSE**

Plaintiff's claims are barred because the Academy is not a place of public accommodation.

**TWENTIETH DEFENSE**

Plaintiff's claims are barred by the applicable statutes of limitations.

**TWENTY-FIRST DEFENSE**

Plaintiff's New York State Human Rights Law claims are barred because that statute does not permit individual liability.

**TWENTY-SECOND DEFENSE**

Plaintiff's claims violate Kratz's free speech rights under state and federal law.

**RESERVATION OF RIGHTS**

Kratz reserves the right to amend this Answer, to add additional defenses, to withdraw defenses, and to add claims as they may become necessary after a reasonable opportunity for appropriate discovery.

**PRAYER FOR RELIEF**

WHEREFORE, Kratz respectfully requests that this Court:

      a.      dismiss the Complaint in its entirety, with prejudice;

      b.      deny each and every prayer for relief in the Complaint;

      c.      award Kratz reasonable attorneys' fees and costs incurred in defendant against this action; and

      d.      grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
February 23, 2018

By: /s/ Richard H. Dolan
Richard H. Dolan
Bradley J. Nash
Hillary S. Zilz
Joshua Wurtzel
26 Broadway
New York, New York 10004
Telephone: (212) 344-5400
Facsimile: (212) 344-7677
E-Mail: rdolan@schlamstone.com
E-Mail: bnash@schlamstone.com
E-Mail: hzilz@schlamstone.com
E-Mail: jwurtzel@schlamstone.com

*Attorneys for Defendant David Kratz*