```
IblWnovC
```

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

SARAH NOVIO,

            Plaintiff,

       v.                              17 Civ. 5648 (RWS)

THE NEW YORK ACADEMY OF ART,
et al.,

            Defendants.                Conference
------------------------------x
                                       New York, N.Y.
                                       November 21, 2018
                                       12:00 p.m.
Before:

                  HON. ROBERT W. SWEET,

                                       District Judge

                       APPEARANCES

JOHN HOWLEY
     Attorney for Plaintiff

SCHLAM STONE & DOLAN LLP
     Attorneys for Defendants
     New York Academy of Art,
     NYAA Holdings, Kratz and Bowland
BY:  JOSHUA WURTZEL
     HILLARY S. ZILZ

MORRISON COHEN LLP
     Attorneys for Defendant Schuman
BY:  BASIL C. SITARAS
```

IblWnovC

1  THE COURT:  Please be seated.  Thank you.
2  Novio.
3  MR. HOWLEY:  Good afternoon, your Honor.  John Howley,
4  for the plaintiff, Sarah Novio.  You have had extensive
5  briefing.
6  THE COURT:  OK.  I've read the briefs.  A reply brief
7  may be filed.
8  Now, having done that, can we eliminate all this
9  nonsense?  Where are we with the motion to compel?
10  MR. HOWLEY:  We've whittled it down to three fairly
11  simple issues.
12  THE COURT:  Which are?
13  By the way, are we ready for this today, the motion to
14  compel?
15  MR. HOWLEY:  Yes, your Honor.
16  THE COURT:  OK.
17  MR. HOWLEY:  The first is we have two interrogatories.
18  One asks for the identity of individuals who conducted any
19  investigation into plaintiff's claims of sexual harassment, and
20  the other is for the identities of any individuals who were
21  interviewed, questioned or asked to provide information in
22  connection with those investigations.  Those are plaintiff's
23  interrogatories No. 6 and 7.
24  The information is relevant, your Honor, relevant both
25  to plaintiff's claims and to the affirmative defenses that they

1  acted in good faith and that they complied with all of their
2  procedures.
3           THE COURT:  Right.
4           MR. HOWLEY:  I don't think a privilege objection has
5  been asserted with respect to these two interrogatories.
6  Certainly there's no privilege log with respect to the
7  interrogatories, and I don't know how the identities of the
8  people who conducted the investigation could be privileged,
9  because you would have to know that information in order to
10 determine whether or not the substance was privileged.
11          We'd ask that they be ordered to identify the people
12 who conducted the investigation and anyone who was interviewed,
13 questioned or asked to provide information.
14          THE COURT:  Right.
15          MR. HOWLEY:  The second one involves documents.  We've
16 asked for any documents concerning an investigation into
17 plaintiff's claims, any related communications and any
18 documents concerning any meetings or discussions.
19          THE COURT:  And that's where we have the privilege.
20          MR. HOWLEY:  That's where we have the privilege
21 assertion, your Honor.
22          The privilege log that the academy has given us, which
23 is five months after their objections, but the real problem is
24 it doesn't give us the dates when any documents were created,
25 the authors of any of the documents, the addressees or

1  recipients of any of the documents.
2              THE COURT:  It doesn't comply with the rule.
3              MR. HOWLEY:  It does not, your Honor.
4              THE COURT:  OK.
5              MR. HOWLEY:  And so we'd ask that those documents be
6  produced.
7              And then the third, we've asked for documents
8  concerning any investigations into the claims made by
9  plaintiff's classmates that they were also sexually harassed by
10 the same professor.
11             Now, this one I don't think they've asserted a
12 privilege objection to, but they have argued relevance.  We've
13 provided the Court with some case law in our briefs.  This is
14 relevant to the academy's intent.  What the academy is saying
15 is they acted in good faith at all times; they complied with
16 all of their procedures.  And we believe we're entitled to see,
17 do they comply with their procedures, or do they just brush off
18 these claims against this one particular professor?  We haven't
19 asked for all claims of sexual harassment.
20             We've only asked for documents concerning claims by
21 three other students against the same professor, who my client
22 claims sexually harassed her.
23             That is the sum and substance of the motion to compel.
24 I'll wait to address sanctions.
25             THE COURT:  Yes.

IblWnovC

1      MR. HOWLEY:  Thank you, your Honor.
2      MR. WURTZEL:  Good afternoon, your Honor.  Josh
3  Wurtzel, from Schlam Stone & Dolan, for the academy.
4      Just as a threshold issue, your Honor, I think your
5  Honor might have been alluding to this at the beginning, this
6  motion was incredibly premature.
7      THE COURT:  Let's not get into that.  We don't need
8  it.  You all have had a great deal of difficulty with the case.
9  The case is a difficult case, for obvious reasons, and counsel
10 seem to have adopted the animus of their clients toward it.  I
11 don't know that as a fact, but it's got that whiff, so let's
12 skip over that.
13     MR. WURTZEL:  Sure.
14     THE COURT:  Let's just get this case moving.
15     MR. WURTZEL:  If I could, your Honor, take it actually
16 out of order?
17     THE COURT:  You may.
18     MR. WURTZEL:  Regarding the last thing that Mr. Howley
19 mentioned, category No. 3, which is documents related to
20 complaints that students other than the plaintiff made --
21     THE COURT:  Yes, I heard him.
22     MR. WURTZEL:  Right.  Mr. Howley says that that's
23 relevant to intent.
24     First of all, your Honor, this case, after your
25 Honor's motion to dismiss decision, this case is about

1  retaliation.  It's not about harassment.  It's about
2  retaliation, and the case law holds, that we've included in our
3  briefs, the case law holds that evidence of one type of
4  unlawful conduct is not relevant as evidence of intent for
5  another type of unlawful conduct, so even if there were
6  evidence of harassment against students other than the
7  plaintiff, that evidence is not relevant to the retaliation
8  claims.
9            THE COURT:  OK.
10           MR. WURTZEL:  OK?  So certainly the request for
11 documents related to harassment or complaints of harassment by
12 other students, that's not relevant to the retaliation claims
13 that the plaintiff has here.  And certainly, your Honor, in
14 considering the scope of plaintiff's discovery here, I think
15 it's important to note that in addition to just being a
16 retaliation case with a small, limited breach of contract
17 claim, the plaintiff has actually waived all claims for damages
18 based on emotional distress, so this is just a lost wages case.
19 This case from when it was brought is a tiny fraction of what
20 it once was, and thus, the discovery has to coincide with that.
21           Regarding documents related to claims -- documents
22 related to the academy's response to claims of harassment by
23 other students, in the papers and in my adversary's oral
24 presentation just now, there is no factual basis that they've
25 put forward to believe that there was any retaliation against

any students other than the plaintiff here. So what they're asking for is, Well, if there was retaliation against students other than the plaintiff, well, those documents might be relevant to show that the academy had some type of retaliatory intent against the plaintiff.

The problem is that that's a fishing expedition. They're looking for any documents that might be out there without being able to articulate some specific reason to believe -- some facts, having been through discovery now for months, showing that there's a reason to believe that these documents exist or that there was retaliation against other students.

For those reasons, your Honor, the motion to compel documents related to complaints that other students made and the academy's response should be denied.

The second one about, the second category of documents related to the plaintiff's claims as well as the academy's response, so there's not a dispute that we've produced the documents that relate to that. The dispute here is whether the academy has properly asserted privilege over otherwise privileged documents. OK? They have two arguments in response of why privilege is waived.

The first argument is that it wasn't timely, that we didn't assert privilege in our written response. Well, in our written responses, we said we would meet and confer about what

we would produce, about the scope of what would be responsive or relevant to the document requests.  We then had a meet-and-confer, and during that meet-and-confer we said we would produce documents but many of those documents will be privileged and we'll include it on a privilege log.  And then when we were done producing those documents, we produced the privilege log.

We couldn't have possibly asserted privilege when we served our written responses because at that time we hadn't actually agreed to produce anything.  We still had to meet and confer on it.  Nor could we have produced a privilege log before we were done producing the documents because we wouldn't have known what documents were privileged.  We can't just assert, and the rules don't allow us to just assert, privilege in the abstract and say there might be privileged documents, and in fact, that's what the plaintiff is complaining about.

Respectfully, your Honor, the time at which we served our privilege log is perfectly consistent with when every other party in a case serves a privilege log, which is at the end of the document production.  That's exactly what we did here.

The second argument is that the privilege log doesn't comply with Rule 26 and with Local Rule 26(2).

Your Honor, that's not the case.  While the privilege log is not a document-by-document log, Local Rule 26 (2) doesn't require that.  OK?  We've included in the privilege log

1   the categories of documents.  If the plaintiff wants to come in
2   and challenge and say these types of documents are not
3   privileged, the plaintiff has the information to do that, and
4   I'll represent on the Court that the investigation the
5   plaintiff was referencing was conducted by counsel, and I'm
6   happy to amend the privilege log to indicate that.
7           Your Honor, the third category, which was about the
8   interrogatories, as I just said, this was an investigation that
9   was conducted by counsel.  We're happy to amend our
10  interrogatory responses to indicate that.
11          What we did in the interrogatory responses was, the
12  reason that we didn't have a very specific privilege objection
13  in the first instance was because we actually narrowed the
14  portion of the interrogatory that we were responding to.  They
15  asked for any investigation, and we made clear in our response
16  that we were responding only with respect to an investigation
17  that was conducted outside the context of litigation.  We said
18  that there was no investigation, which was true.
19          What they're now arguing is, Well, hold on a second,
20  wasn't there an investigation in the context of litigation?
21  And that's correct, there was, and the plaintiff has known
22  about it for years because she was interviewed as part of that
23  investigation.  OK?  And we are now asserting privilege.  To
24  the extent that we're required to -- to the extent that the
25  interrogatory is now requesting more than just the

Case 7:17-cv-05648-KHP   Document 75   Filed 12/19/18   Page 10 of 11        10
IblWnovC

1    non-litigation-context investigation, we're asserting privilege
2    over details about the investigation that was conducted by
3    counsel.
4             Certainly the people who were interviewed, the people
5    who counsel chose to interview and other details about the
6    investigation are privileged, and certainly at a deposition,
7    they could ask more specific questions and we'll object based
8    on privilege and we can raise that at the time.  But when it
9    comes to who an attorney-investigator decided to interview,
10   that's going to be protected by privilege, your Honor.
11            THE COURT:  Anything from the plaintiff?
12            MR. HOWLEY:  Your Honor, I'll just point out that
13   their response was in April of 2018.
14            THE COURT:  I'm not going to worry about that.
15            MR. HOWLEY:  And I asked for a privilege log back
16   then.
17            THE COURT:  Yes.
18            MR. HOWLEY:  It's a little late to be raising these
19   arguments.
20            THE COURT:  With respect to the identification of the
21   classmates and any investigation with respect to that, leaving
22   aside privilege, that will be granted.  That's the last thing.
23            The documents relating to the investigations, from
24   what I've heard today, I don't think the privilege log is
25   adequate.  I think you should identify the documents, dates and

              SOUTHERN DISTRICT REPORTERS, P.C.
                        (212) 805-0300

IblWnovC

1  from, to, who got them.
2          That brings me to the interrogatories.  State the name
3  of the people conducting the investigation and those
4  interviewed.
5          Anything else?
6          MR. HOWLEY:  Not from plaintiff, your Honor.
7          THE COURT:  Thank you, all.
8          MR. WURTZEL:  Your Honor, for the defendants, I just
9  want to clarify.
10         Your Honor's initial ruling regarding documents
11 related to other students.  Your Honor had mentioned the
12 identification of other students.
13         THE COURT:  I know your argument there is relevance,
14 and because of the retaliation, I heard you, but there may be
15 something there.  It is, after all, discovery and it isn't
16 going to be very extensive.  OK?
17         Thank you, all.
18         MR. HOWLEY:  Thank you, your Honor.
19         (Adjourned)